IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,835-01






EX PARTE ALFONSO JUNEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. C-371-007699-0777994 IN THE 371ST JUDICIAL DISTRICT
COURT OF TARRANT COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of driving while intoxicated as a repeat offender, and punishment was assessed
at five years' confinement. No direct appeal was taken.

 Applicant contends that he is being improperly denied street time credit. He alleges
that he is not an individual "described by" Texas Government Code §508.149(a), and that
he therefore qualifies for street time credit under Texas Government Code §508.283(c). 
According to Applicant, he surpassed the "mid-point" in his sentence while out on supervised
release, and is therefore entitled to credit for that time. Ex parte Spann, 132 S.W.3d 390
(Tex. Crim. App. 2004).

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. 

 The trial court may resolve those issues as set out in Article 11.07, Section 3(d) of the
Texas Code of Criminal Procedure, in that it may order the Texas Board of Pardons and
Paroles and/or the Texas Department of Criminal Justice, Institutional Division to file an
affidavit stating the dates when Applicant was released to mandatory supervision or parole
and when he was arrested on any pre-revocation warrants. The affidavit should also address
whether Applicant has any other convictions which would render him ineligible for street
time credit, and if not, why he is not being given credit for this time. The trial court may also
order depositions, interrogatories or a hearing. In the appropriate case, the trial court may
rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant is eligible for street time credit under Texas Government Code
§508.283(c), and if not, why not. The trial court shall also make findings as to whether
Applicant met the "mid-point" while out on supervised release, and whether he is being
credited with all the time to which he is entitled. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.